UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOEWRELL LENOIR,<br><br>  Petitioner,<br><br>  v.<br><br>J. SOTO, Warden,<br><br>  Respondent. | NO. CV 12-9432-JFW (AGR)<br><br>ORDER TO SHOW CAUSE |

On November 2, 2012, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears the one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before ***December 7, 2012***, why this court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

## I.

## **PROCEDURAL BACKGROUND**

On December, 8, 2008, Petitioner pled no contest in Los Angeles County Superior Court to attempted burglary and robbery, and was sentenced to 7 years in prison. (Petition at 2.)

On June 16, 2009, Petitioner filed a "Belated/Notice of Appeal" in the California Court of Appeal, which was denied on June 30, 2009. California Appellate Court Case Information online docket in Case No. B216804.[1] On November 30, 2009, Petitioner filed a state habeas petition in the Court of Appeal, which was denied on December 14, 2009. *Id.* in Case No. B220575. On June 7, 2010, Petitioner filed a state habeas petition in the California Supreme Court, which was denied on July 13, 2011. *Id.* in Case No. S183301. On June 11, 2010, Petitioner filed a second state habeas petition in the California Supreme Court, which was denied on July 13, 2011, with a citation to *In re Miller*, 17 Cal. 2d 734, 735 (1941).[2] California Appellate Court Case Information online docket in Case No. S183490.

On October 23, 2012, Petitioner constructively filed the instant federal petition in this court in which he raises two grounds. (Petition at 5 *et seq.* & back of envelope.)

## II.

## **DISCUSSION**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in

---

[1] In all of Petitioner's California appellate filings, he represented himself.

[2] *Miller* signals that a "prior petition for a writ of *habeas corpus* was filed . . . and was based on the same grounds set forth in the present petition . . . and since that time no change in the facts or the law substantially affecting the rights of the petitioner has been disclosed." *Id.* at 735; *see also Kim v. Villalobos*, 799 F.2d 1317, 1319 n.1 (9th Cir. 1986).

reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A. The Date on Which Conviction Became Final – § 2244(d)(1)(A)

On June 30, 2009, the California Court of Appeal denied Petitioner's petition or motion on direct review.[3] California Appellate Court Case Information online docket in Case No. B216804. Because Petitioner did not file a petition for review with the California Supreme Court, his conviction became final 40 days later on August 10, 2009.[4] *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005). Absent tolling, the statute of limitations expired on August 10, 2010.

#### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner filed his first habeas petition in the Court of Appeal on November 30, 2009. At that point, 112 days of the limitations period had elapsed (August 10, 2009, to November 30, 2009). The Court of Appeal denied the petition on December 14, 2009. Petitioner filed his first habeas petition in the California Supreme Court on June 7, 2010, and both of his habeas petitions in the California Supreme Court were denied on July 13, 2011. As of that date, Petitioner had 253

---

[3] For the purpose of this order, the court assumes without deciding that Petitioner is entitled to the time between his no contest plea and the disposition of his motion/petition before the Court of Appeal.

[4] Forty days from June 30, 2009, is Sunday, August 9, 2009.

days remaining in the limitations period (365-112).[5] With the benefit of statutory tolling, the limitations period expired on March 22, 2012 (July 13, 2011 + 253 days).

Absent equitable tolling, the petition is time-barred.

### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland,* 130 S. Ct. at 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances"' were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

Petitioner does not indicate he is entitled to equitable tolling.

### B. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may start to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute starts to run when the petitioner knows or through diligence could discover the important

---

[5] For the purpose of this order, the court assumes without deciding that Petitioner is entitled to the 6-month gap between December 14, 2009, when the Court of Appeal denied his habeas petition, and June 7, 2010, when he filed his first habeas petition in the California Supreme Court.

4

facts, not when the petitioner recognizes their legal significance. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

In Ground Two, Petitioner contends his counsel was ineffective because he failed to give the trial court notice that he intended to appeal the no contest plea, "resulting in the State Court's . . . denial of Petitioner's request to appeal from the disputed no contest plea." (Petition at 5 & attached Ground Two Supporting Facts Continue.) Thus, Petitioner was aware of the factual predicate underlying Ground Two at the latest on June 16, 2009, when he filed his motion/petition in the Court of Appeal. Accordingly, the date of discovery does not assist Petitioner.

## III.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **December 7, 2012**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: November 6, 2012

ALICIA G. ROSENBERG
United States Magistrate Judge

5